IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **KRAIG PAYNE, Y40610,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**LT. GERLING** )<br>**AND C/O BRIDGWELL,** )<br>)<br>**Defendants.** ) | Case No. 25-cv-00866-SMY |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Kraig Payne, an inmate in the custody of the Illinois Department of Corrections (IDOC), filed this action pursuant to 42 U.S.C. § 1983 for alleged constitutional deprivations stemming from a "naked search" at Lawrence Correctional Center. (Doc. 1). The Complaint is subject to review under 28 U.S.C. § 1915A, which requires this Court to screen and dismiss any portion that is legally frivolous or malicious, fails to state a claim for relief, or seeks money damages from an immune defendant. *Id*.

### The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1, pp. 1-11): On or around March 6, 2025, Plaintiff took part in a "naked search" in the shower at Lawrence. *Id*. at 4. During the search, Lieutenant Gerling waved a flashlight at Plaintiff. *Id*. at 3. The additional light was unnecessary because the search was conducted in broad daylight, and Plaintiff claims that it was "excessive." *Id*. C/O Bridgwell also "ma[de] a joke out of" him during the "spread and cough part" of the search. *Id*. Bridgwell could see that Plaintiff was in crisis and still held "up a can of O.C. pepper spray" when he did not "cough or spread." *Id*.

1

**Discussion**

Based on the allegations, the Court designates the following claims in the *pro se* Complaint:

Count 1: Fourth or Eighth Amendment claim against Lieutenant Gerling for unnecessarily waving a flashlight at Plaintiff during a naked search conducted in broad daylight at Lawrence on or around March 6, 2025.

Count 2: Fourth or Eighth Amendment claim against C/O Bridgwell for making a joke out of Plaintiff and holding up a can of pepper spray when he failed to "cough or spread" during the naked search at Lawrence on or around March 6, 2025.

**Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).**

When it comes to strip searches, the Fourth and Eighth Amendments extend different protections to convicted persons. *Henry v. Hulett*, 969 F.3d 769, 781 (7th Cir. 2020). The Fourth Amendment protects a prisoner's right to privacy in his body, in a limited way, during a visual strip search. *Id*. at 779. When considering a claim in this context, the court evaluates the objective reasonableness of the search, by considering "the scope of the particular intrusion, the manner in which it [wa]s conducted, the justification for initiating it, and the place in which it [wa]s conducted." *Id*. (citations omitted).

The Eighth Amendment safeguards an inmate against cruel and unusual punishment. When considering a claim from this standpoint, the court evaluates each defendant's subjective state of mind. *Id*. at 781. An Eighth Amendment claim may arise when a prison guard conducts a search in a manner that is subjectively intended to punish the inmate. *Id*. (citation omitted).

Plaintiff's allegations do not support a constitutional claim under either context. The Complaint provides no information about the scope of the search, the manner in which the search was conducted, or the justification offered for the search. Plaintiff describes no contact and no

harm; he does not describe any actual or perceived danger to his safety. *Dobbey v. Ill. Dep't of Corr.*, 574 F.3d 443, 446 (7th Cir. 2009) ("The test for what constitutes 'cruel and unusual punishment' is objective. It is not the actual fear of the victim but what a 'reasonable' victim would fear."). Moreover, the defendants' words and gestures, alone, do not amount to a violation of Plaintiff's constitutional rights. *Beal v. Foster*, 803 F.3d 356, 358 (7th Cir. 2015) (most verbal and/or nonverbal harassment by prison guards does not violate the Eighth Amendment).

Accordingly, the Complaint does not survive screening under 28 U.S.C. § 1915A and will be dismissed.

## Disposition

The Complaint (Doc. 1) is **DISMISSED** with prejudice for failure to state a claim for relief against Lt. Gerling and C/O Bridgwell. Because leave to amend would be futile, the entire action is **DISMISSED with prejudice**. *See Esco v. City of Chicago*, 107 F.4th 673, 683 (7th Cir. 2024) ("District courts have broad discretion to deny leave to amend pleadings where the amendment would be futile."); *Always Towing & Recovery, Inc. v. City of Milwaukee*, 2 F.4th 695, 707 (7th Cir. 2021) (same). This dismissal qualifies as a "strike" under 28 U.S.C. § 1915(g).

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the case was filed. Therefore, the filing fee remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C.

§ 1915(e)(2).  Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike" under 28 U.S.C. § 1915(g).  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

DATED:  September 22, 2025

*s/ Staci M. Yandle*
**STACI M. YANDLE
United States District Judge**
